UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JAMES WATSON,

    Plaintiff,

v.

WHY I AM LLC d/b/a
Copper Blues Rock Pub & Kitchen

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff James Watson ("Plaintiff") hereby sues Defendant, Why I Am LLC ("Defendant") doing business as Copper Blues Rock Pub & Kitchen, for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202.

3. Plaintiff is a Florida resident, lives in Miami-Dade County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. §§ 12102(1)-(2), the regulations implementing the

ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4. Plaintiff uses the internet and a mobile device to help him navigate a world of goods, products and services like the sighted. The internet, websites and mobile applications provide him a window into the world that he would not otherwise have. He brings this action against Defendant for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) that is not fully accessible and independently usable by visually impaired consumers. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired.

5. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights. As such, he monitors mobile websites to ensure and determine whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6. Defendant Why I Am LLC is a Florida limited liability company which owns and operates a place of public accommodation which is restaurant branded as "Copper Blues Rock Pub & Kitchen." Defendant's restaurant is located at 3450 NW 83 Avenue, Doral, Florida 33122 and is open to the public. As such, it is a Place of Public Accommodation subject to the requirements of Title III of the ADA and it's implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). Defendant's Copper Blues Rock Pub & Kitchen restaurant is also referenced as "place of public accommodation," "Copper Blues," or "restaurant."

7. Defendant is defined as a "Public Accommodation" within meaning of Title III

because Defendant is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink" and as "a place of entertainment" pursuant to §§12181(7)(B)&(C), §12182, and 28 C.F.R. §§36.104(2)&(3).

8. The Copper Blues Rock Pub & Kitchen restaurant owned by Defendant is a part of a chain of five Copper Blues Rock Pub & Kitchen (brand) restaurants all of which feature a stage where local bands play and entertain the patrons of the pub/bar area and restaurant. Two Copper Blues restaurants are located in Florida, two are in California, and one is in Arizona. The two Copper Blues Rock Pub & Kitchen restaurants located in Florida as follows:

- Copper Blues Rock Pub & Kitchen restaurant located at 3450 NW 83 Avenue, Doral, Florida 33122 which is owned by the Defendant and is the subject of this instant action, and

- Copper Blues Rock Pub & Kitchen restaurant located at 550 South Rosemary Avenue, West Palm Beach, Florida 33401, which is owned by Improve City Place, Inc. and which is not a party to this action.

On information and belief, all of the Copper Blues Rock Pub & Kitchen restaurants are owned by related entities.

9. Subsequent to the effective date of the ADA, Defendant constructed, caused to be constructed, and/or became a beneficiary of the https://copperblueslive.com mobile website (hereinafter "mobile website") which is designed for the general public to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to, Defendant's Copper Blues Rock Pub & Kitchen Doral restaurant location. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at all Copper Blues restaurants, including

Defendant's restaurant.

10. The mobile website is offered as a way for the public to become familiar with Copper Blues Rock Pub & Kitchen menu selections, as well as information related to the restaurant's hours of operation and locations, including Defendant's restaurant in Doral. The mobile website allows the public to obtain information about private dining/events and has a link for the public to inquire about such reserving space and amenities for events, and provides other information the chain of Copper Blues restaurants seek to communicate to the public. The mobile website also links to the Copper Blues Twitter, Facebook and Instagram pages. By the provision of menu selection, and the ability to inquire about private events online, the mobile website is an integral part of the goods and services offered by Defendant at its Copper Blues restaurant. By this nexus, the mobile website is characterized as a Place of Public Accommodation to Title III of the ADA[1], 42 U.S.C. § 12181(7)(B) and 28 C.F.R. § 36.104(2).

11. The https://copperblueslive.com mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. As such, the mobile website is subject to the ADA because it is offered as a tool to promote, advertise and sell products and services from Defendant's Copper Blues restaurant, which is a place of public accommodation. As a result, the mobile website must interact with the public, and in doing so must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the

---

[1] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice. The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance/, The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

goods and services afforded to the general public.[2]

12. The https://copperblueslive.com mobile website does not properly interact with the VoiceOver screen reader software technology in a manner that allows blind and visually impaired individuals to comprehend the mobile website and does not provide other means to accommodate blind and visually impaired individuals.

13. Like the seeing community, Plaintiff would like the opportunity to be able to use the https://copperblueslive.com mobile website to comprehend the restaurant menu selections, and obtain more information about Defendant's Copper Blues restaurant online. However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur, Plaintiff will continue to be denied full and equal access to the mobile website as described and will be deterred from fully using the mobile website or dining at Defendant's Doral Copper Blues restaurant.

14. Plaintiff is continuously aware of the violations on the mobile website and is aware that it would be a futile gesture to attempt to utilize that mobile website as long as those violations exist unless he is willing to suffer additional discrimination.

15. Defendant and alike restaurants are fully aware of the need to provide full access to all visitors to the mobile website as such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

16. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is his only means to secure adequate redress from Defendant's

---

[2] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

discriminatory practice.

17. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19. The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

20. According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

21. 28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

22. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by

6

public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

23. The https://copperblueslive.com mobile website has been designed to integrate with Copper Blues restaurants (including Defendant's Copper Blues restaurant) through the provision of menus and the ability to inquire about private events online. Defendant has extended its Copper Blues restaurant into individual persons' homes and portable devices wherever located through the mobile website which is a service, facility, privilege, advantage, benefit and accommodation of its restaurant. Because the mobile website is integrated with, and is a nexus to, Defendant's brick-and-mortar restaurant, it is governed by the following provisions:

a. U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

b. 42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

c. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

      d.    42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

      e.    42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

      f.    42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

      g.    42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

      h.    42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the

absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

24. Plaintiff attempted to access and/or utilize the https://copperblueslive.com mobile website, but was unable to, and he continues to be unable to enjoy full and equal access to the mobile website and/or understand the content therein because numerous portions of the mobile website do not interface with VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to VoiceOver screen reader software users include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

   i. Guideline 1.1.1 Non-Text Content is violated. Text alternatives for non-text content should be provided, and this is not the case. The two Brunch menus for the West Palm Beach restaurant location are only available as images. Each *Brunch* menu is announced with the same label (being "Cooper Blues Oxnard Food Lunch Menu") but none of the content in either image is announced. This prevents mobile VoiceOver screen reader software users from accessing any of the *Brunch* menu content.

   ii. Guideline 1.3.1 Info and Relationships is violated. The *Brunch* Menu for the Miami (Doral) location is only available as an image. Mobile VoiceOver screen reader software users are not able to navigate into the image, the content is not automatically announced, and an accessible alternative is not available. Instead, the *Brunch* menu is announced as "Copper Blues Oxnard Food Dinner Menu."

   iii. Guideline 1.3.3 Sensory Characteristics is violated. The *Select Your Location* banner image, which is shown directly above the five location buttons, is not announced. When a mobile VoiceOver screen reader software user swipes to this image, then only "Copper Blues Background 0 image" is announced.

   iv. Guideline 1.4.5 Images of Text is violated. The mobile website does not use images of text (so that mobile VoiceOver screen readers are unable to comprehend). The *Lunch/Dinner* menu for the West Palm Beach location is not accessible. The content is only available as an image and none of the content within the image is announced. Mobile VoiceOver screen reader users are not be able to access any of the content in this image.

   v. Guideline 4.1.2 Name, Role, Value is violated. All elements must be built for accessibility and this is not the case. For example, the "West Palm Beach" drink menus are not accessible. Each is only available as an image and the content within these images are not navigable nor is the content announced.

25. As a beneficiary of the mobile website which serves as a gateway to Defendant's restaurant, Defendant is required to comply with the ADA and the provisions cited above. This includes Defendant's obligation to create, maintain and operate a mobile website that is accessible to Plaintiff so that he (as a visually impaired person) can enjoy full and equal access to the mobile website and the content therein, including the ability comprehend menu selections and to inquire about private events at Defendant's Copper Blues restaurant.

26. Defendant has violated the ADA by failing to interface the mobile website which is directly linked to its restaurant with VoiceOver screen reader software utilized by Plaintiff (a visually impaired individual) (reference violations delineated within paragraph 24) either directly or through contractual, licensing or other arrangements. Defendant's violations have resulted in Defendant denying Plaintiff accommodation on the basis of his disability:

   a. by depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

   b. in the denial of providing Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

   c. in failing to afford Plaintiff the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

   d. by providing Plaintiff a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals (unless such action is necessary to provide the individual or class of individuals with a good, service, facility,

privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others) (42 U.S.C. § 12182(b)(1)(A)(iii));

      e.    by failing to afford Plaintiff goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the disabled individual (42 U.S.C. § 12182(b)(1)(B));

      f.    notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying Plaintiff the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

      g.    by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations) (42 U.S.C. § 12182(b)(2)(ii)); and,

      h.    by a failure to take such steps as necessary to ensure that disabled individuals are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden) (42 U.S.C. § 12182(b)(2)(iii)).

27. Plaintiff is continuously aware of the violations within the mobile website https://copperblueslive.com and is aware that it would be a futile gesture to attempt to utilize the mobile website as long as those violations exist unless he is willing to suffer additional discrimination.

28. Plaintiff is well aware that the ADA requires effective communications. However, long after the required date of compliance, many public accommodations refuse to comply leaving Plaintiff feeling excluded and rejected because he is disabled. As a result, Plaintiff has suffered (and continues to suffer) frustration and humiliation as the result of the discriminatory conditions present within the https://copperblueslive.com mobile website. By continuing to operate and/or be the beneficiary of a mobile website with discriminatory conditions, Defendant has contributed (and continues to contribute) to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions within the mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website unless he is willing to endure additional discrimination, Plaintiff is (and has been) deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining and/or benefiting from a mobile website with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.

29. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA and conform the https://copperblueslive.com mobile website to WCAG 2.1 Level A and AA Guidelines.

30. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendant's non-compliance with the ADA with respect to the https://copperblueslive.com mobile website. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA when he visits the website to test for compliance with the

ADA. Plaintiff desires to access the mobile website to avail himself of the benefits, advantages, goods and services therein, and/or to assure himself that this mobile website is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the mobile website without fear of discrimination.

31. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

32. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter the mobile website https://copperblueslive.com so that it is readily accessible to and usable by Plaintiff and other persons with vision impairments.

**WHEREFORE,** Plaintiff James Watson hereby demands judgment against Defendant Why I Am LLC and requests the following injunctive and declaratory relief:

a. The Court issue a Declaratory Judgment that determines that the mobile website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*;

b. The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain the mobile website which serves as a gateway to its restaurant to ensure that it is readily accessible to and usable by Plaintiff, a visually impaired person;

c. The Court issue an Order directing Defendant to alter the mobile website to make it accessible to, and useable by, individuals with disabilities to the full extent

    required by Title III of the ADA;

d.  The Court issue an Order directing Defendant provide the appropriate auxiliary aids such that Plaintiff (a visually impaired person) will be able to effectively communicate with the mobile website for purposes of comprehending Copper Blues menu selections and for inquiring about space for private dining events, and during that time period prior to the mobile website's being designed to permit Plaintiff to effectively communicate, requiring Defendant to provide an alternative method for Plaintiff to effectively communicate so that he is not impeded from obtaining the goods and services which Defendant has made available to the public through the mobile website.

e.  The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f.  The Court enter an Order directing Defendant to continually update and maintain the mobile website to ensure that it remains fully accessible to and usable by visually impaired individuals;

g.  The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

h.  The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: September 26, 2022

            Respectfully submitted,

            */s/ J. Courtney Cunningham*
            J. Courtney Cunningham, Esq.
            J. COURTNEY CUNNINGHAM, PLLC

FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
T: 305-351-2014
cc@cunninghampllc.com
*Counsel for Plaintiff*